UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

21 DROPS, LLC,

       Debtor.

_____/

Case No. 21-21960-MAM
       Chapter 11

21 DROPS, LLC,
       Plaintiff,

v.

RICHARD F. CASTER, 2009
IRREVOCABLE TRUST, RICHARD
CASTER FAMILY 2007 IRREVOCABLE
TRUST, CARY M. CASTER 2010
IRREVOCALBE TRUST, and CARY M.
CASTER

       Defendants.

_____/

Adv. Pro. No. 22-01048-MAM
**ADVERSARY COMPLAINT**

## STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff 21 Drops, LLC ("Debtor" or "21 Drops"), and Defendants Richard F. Caster, 2009 Irrevocable Trust, Richard Caster Family 2007 Irrevocable Trust, the Cary M. Caster 2010 Irrevocable Trust (collectively, the "Caster Trusts"), and Cary M. Caster pursuant to Federal Rule of Bankruptcy Procedure 41 (a) (1) (A) (ii), stipulate to the dismissal with prejudice of this action, with each party to bear its own attorney's fees and costs.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is Adversary Proceeding is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(A) and (O).

2. Venue in the Southern District of Florida pursuant to 11 U.S.C. §§ 1408 and 1409.

3. This Adversary Proceeding relates to *In re 21 Drops, LLC,* No. 21-02196-MAM (Bankr. S.D. Fla.) now pending in this Court (the Bankruptcy Case").

## THE PARTIES

4. Debtor is a Delaware limited liability company which has its principal place of business at 4260 NW 1st Avenue, Suite 53, Boca Raton, FL 33431,

5. Richard F. Caster 2009 Irrevocable Trust is a member of Debtor and is a trust that operates under the laws of the state of Florida and is subject to the jurisdiction of the court.

6. Richard Caster Family 2007 Irrevocable Trust is a Florida irrevocable trust and is subject to the jurisdiction of the court.

7. Cary M. Caster 2010 Irrevocable Trust is a Florida irrevocable trust and is subject to the jurisdiction of the court.

8. Cary M. Caster is, and at all times relevant herein has been, an individual resident of Florida who currently resides in Delray Beach Florida.

## FACTUAL ALLEGATIONS

9. The Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the United States Code on December 8, 2021.

10. Pursuant to Sections 1107 (a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its property as a debtor-in-possession.

11. No examiner has been appointed and no official committee of unsecured creditors or equity interest holders has been appointed in this case.

12. The Debtor was formed to manufacture and market therapeutic-grade essential oil therapy products.

13. 21 Drops is governed by an Amended and Restated Operating Agreement dated June 7, 2018 ("Operating Agreement").

14. The Debtor consists of five members who are Kavita Sahai ("Sahai") who owns 14.7% of the Debtor, Turtle Tail, LLC, a Pennsylvania limited liability corporation ("Turtle Tail"), which owns 51% of Debtor, Richard F. Caster 2009 Irrevocable Trust which owns 17.15% of Debtor, Richard Caster Family 2007 Irrevocable Trust which owns 8.57% of Debtor, and the Cary M. Caster 2010 Irrevocable Trust which owns 8.57% of Debtor. In March of 2020, Ms. Kavita Sahai purchased Turtle Tail, LLC and effectively owns 65.7% of the Debtor.

15. The Debtor successfully created products and has marketed them in selected stores and over its online website. While the Debtor has generated income, it has not generated enough income to meet all of its operating expenses or make any return of investments to the investors.

16. Due to the lack of income that the Debtor has generated, the members of the Debtor have had numerous serious disagreements over how the company is operated.

17. Ms. Kavita Sahai who was originally a 14.7% owner of the company is the chief executive officer and was the only member who engaged in the day-to-day operation of the company.

18. The Debtor agreed to pay Ms. Sahai a salary of $200,000.00 per year to operate as the CEO and COO, but Debtor has not had the funds to pay the salary in full.

19. In addition to the wages she is owed, Ms. Sahai also loaned the Debtor $200,000.00 separate from any capital contribution that she made which sum has not been repaid to her.

20. In March of 2020, the other members of the Debtor improperly declared a capital return of investment to the members in the sum total of $93,294.46, even though the company had outstanding bills and liabilities in excess of that amount

21. The Operating Agreement of the Debtor required that distributions for return of investment could not be made until the Debtor paid all of its expenses and debts.

22. Despite the obligations owed to Ms. Sahai as CEO and various creditors, the Debtor declared the above described capital distribution to the investors. To that end, the company distributed the following monies:

    a.  Kavita Sahai:     $13,714.29

    b.  Turtle Tail:      $47,580.17

    c.  Cary Caster:      $32,000.00

23. Debtor believes that the $32,000.00 monies paid to Cary Caster were distributed among all of the members of the Caster Trusts.

24. On May 22, 2020, the 21 Drops Board of Directors held a meeting and approved the return of the March 2020 distributions to address certain outstanding liabilities, expenses, and capital needs of the Debtor.

25. Ms. Sahai and Turtle Tail returned the distribution to the Debtor and that money was used to reimburse the vendor that demanded the return of its investment.

26. On August 26, 2020, Debtor made demand for the return of the investment money to Cary Caster and the Caster Trusts, but they have refused to return the monies.

27. The Debtor has suffered damages as a result of Cary Caster and the Caster Trusts' refusal to return the monies improperly paid.

28. Cary Caster and the Caster Trusts disputed the claims of the Debtor during pre-petition discussions.

29. Cary Caster and the Caster Trusts' position is inconsistent with the express terms of the 21 Drops Operating Agreement and deprives the Debtor and other members of the Debtor from exercising their contractual rights as owners of 21 Drops.

30. Cary Caster and the Caster Trusts' position creates imminent controversy and litigation concerning 21 Drops' control and dominion and control over property of the estate.

31. There is a genuine and bona fide dispute and an actual controversy between Debtor and Cary Caster and the Caster Trusts.

32. If the Debtor is correct and the distributions were improper, the monies paid constitute property of the estate.

33. As of the petition date, Caster remained in possession of the monies or if distributed to other parties, owes the Debtor for the amount of the distribution.

34. The distribution is not insignificant and will greatly benefit the Debtor's estate and will enhance the value of the Debtor for purposes of liquidation.

35. The distribution constitutes property of Debtor's estate pursuant to Section 541 (a) of the Bankruptcy Code.

36. The Caster is in possession, custody, or control of the distribution and is exercising control over property of the estate in violation of Section 362 (a)(3) of the Bankruptcy Code.

WHEREFORE, Debtor requests that this Court enter appropriate orders and a final declaratory judgment declaring that the distribution is property of the estate under Section 541 (a) of the Bankruptcy Code, enter appropriate orders and a final judgment declaring that Cary Caster and the Caster Trusts is exercising control over property of the estate in violation of Section 362 (a)(3) of the Bankruptcy Code and for such other and further relief as the Court deems just and appropriate.

Dated: June 1, 2022

*/s/ Clive N. Morgan*
Clive N. Morgan
Florida Bar No. 357855
Busch Mills & Slomka, LLP
6712 Atlantic Boulevard
Jacksonville, FL 32211
Telephone: (904) 508-0777
Email:cmorgan@buschmills.com
*Attorney for Debtor*